IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES A. BROOKS,

    Petitioner,

v.

PAROLE OFFICER M. BABB;
BOARD OF PAROLE HEARINGS
CHAIRMAN JAMES DAVIS,

    Respondents.

No. C 13-1191 SBA (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

(Dkt. 6)

## INTRODUCTION

Petitioner Charles A. Brooks, a parolee, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 21, 2013, the Court issued an Order to Show Cause directing Respondent to answer the instant petition.

On July 15, 2013, Respondent moved to dismiss the petition for Petitioner's failure to exhaust available state judicial remedies. Dkt. 6. Petitioner did not file an opposition.[1]

For the reasons discussed below, the Court hereby GRANTS Respondent's unopposed Motion to Dismiss.

## BACKGROUND

Effective November 8, 2006, California enacted "Jessica's Law." Jessica's Law prohibits registered sex offenders from residing within 2000 feet of a public or private school or park where children regularly gather. Cal. Penal Code § 3003.5(b).

According to the instant habeas petition, Petitioner was convicted on July 14, 2006[2] of oral copulation by force, and he was sentenced to prison for a term of three years and eight

---

[1] Petitioner's opposition was due on September 13, 2013. May 21, 2013 Order at 2. To date, Petitioner has not filed his opposition.

[2] Respondent indicated in his motion that Petitioner was convicted in 2007. Dkt. 6 at 2. However, Petitioner indicates that he was convicted on July 14, 2006. Dkt. 1 at 28.

months. Dkt. 1 at 2, 28.  In 2009, Petitioner was released on a five-year parole term and informed that he was subject to Jessica's Law, which applies to sex offenders released on parole after November 8, 2006.  Id. at 28.  Petitioner filed the instant habeas action, challenging the Jessica's Law residency restriction.  Petitioner alleges that he filed a petition for a writ of habeas corpus in the San Mateo County Superior Court raising this issue before filing this action.  Id. at 4-5.

In the instant motion to dismiss, Respondent argues that Petitioner is "pursuing relief simultaneously though state and federal channels" and that his petition is subject to dismissal because he did not exhaust his federal claim by presenting it to the highest state court -- the California Supreme Court.  Dkt. 6 at 3.

**DISCUSSION**

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

The record shows Petitioner failed to exhaust his available state judicial remedies before seeking federal habeas relief.  Petitioner sought relief from the San Mateo County Superior Court before filing his petition in federal court; however, he does not provide any information as to the state superior court's decision.  Pet. at 4.  In addition, Petitioner did not present his claims to either the California Court of Appeal or the California Supreme Court for review in a state petition for a writ of habeas corpus.  Therefore, the Court finds that his federal petition is unexhausted.  The instant petition is DISMISSED without prejudice to refiling once all claims Petitioner wishes to raise in federal court have been presented to the

California Supreme Court. <u>See</u> 28 U.S.C. § 2254(b)-(c); <u>Rose</u>, 455 U.S. at 522 (holding every claim raised in federal habeas petition must be exhausted).

Accordingly, Respondent's motion to dismiss is GRANTED, and the petition is DISMISSED as unexhausted. Again, this dismissal is without prejudice to Petitioner returning to state court to exhaust his state judicial remedies and then filing a new federal habeas corpus petition. Should Petitioner do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded. The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

## **CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss (Dkt. 6) is GRANTED, and the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE as unexhausted. The Clerk of the Court shall enter judgment and close the file.

This Order terminates Docket no. 6.

IT IS SO ORDERED.

DATED: 3-31-14

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge